## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**GREGORY KELLY AND**
**ANNETTE B. KELLY**
    **PLAINTIFFS;**

                                  2:25-cv-795-ECM-JTA

    **v.**

**STATE FARM INSURANCE COMPANY dba the**
**State Farm Insurance Company**

**KRIS STALLWORTH** individually and his position as
State Farm Insurance Agent

    **DEFENDANTS;**

## COMPLIANT AND JURY TRIAL DEMANDED

**COMES NOW;** the Plaintiffs bring these civil action claims for violations of 42 U.S.C. 1981(race discrimination in contracting ), Section 18 U.S.C § 1343 ( wire frauds ) and Section 18 U.S.C. § 134 ( mail frauds ) and violations under the Fourteenth Amendment to the U.S Constitution and the ADA Disability Act and Sections 508 and 504 of the Rehab At laws and the consumers' protections laws, CFPA Act's UDAAPs Act , FCRA Act and FDCPA Act, and violations under Sections 42 U.S.C. § 3604(a) & (b) and 3605 of the FHA Act , and denying and canceling insurance policies due to blindness, partial blindness and the insured's abuse status, the FBI's criminal score and CRAs FICO 's credit score and violations arising under other various state laws.

1

## COUNT 1 STATE  CAUSE OF ACTION
## UNJUST ENRICHMENT  BY FINANCIAL EXPLOITATION  OF THE ELDERLY , BLIND , PARTIALLY  BLIND AND THE INFIRM

**1**    The Plaintiff, Gregory Kelly Black male, low vison  and hearing impaired disabled and elderly person, residents in Montgomery, AL, and he is over 65-year-old.

**2**    The Plaintiff , Annette  B.  Kelly is a Black female,  disabled and elderly person, residents in Montgomery, AL, and she is over 65-year-old.

**3**    The Defendant, the State Farm  Mutual Insurance, is a private insurance business with headquarters in Bloomington, Illinois.

**4**    The Defendant, Kris Stallwoth  is over 19 years old, and  upon information  and belief  the  Defendant resides  in Montgomery, AL.

**5**    The Defendants  are  handing  the claims of  the  Plaintiffs  with greater scrutiny because of their race, in violation of the Fair Housing Act ("FHA")

**6**    The Defendants  are  using cheat  and defeat AL  algorithms as discriminatory  tools in the  Defendants' claims-processing methods which disproportionately impacts Black and non-white policyholders

2

7       The Defendants are discriminatory flagging, tagging and targeting the Plaintiffs'

insurance claims for greater scrutiny than those of white policyholders, causing

unnecessary and needless delays in urgent home repairs and in the payment of benefits,

impacting quality of life, and devaluing damaged homes.

8       The Defendants have **failed to make   prompt   payment** to the Plaintiffs for

lighting strikes and water damage for $ 372,437.36  **(Ex #1)**

9       The Defendants have committed insurance elder exploitation frauds by the use of

deceptive policies and practices to trick the Plaintiffs into purchasing unneeded and

unnecessary, overpriced, or unsuitable insurance products,

10      The Defendants reckless and negligently used and employed false data on

Credit Reporting Agencies ( CRAs) reports in the public records when denying ,

refusing and canceling insurance contracts on the basis of blindness, patrial blindness,

citizenship statutes and insured's abuse status, and for being survivors of domestic

violence, hate crimes and hate crime vandalism acts **(Ex #2)**

11      The Defendant's State Farm Premier Service Program (SFPSP) program consists

of providers who manage national networks of participating independent providers for

water mitigation, flooring, general contracting, and roofing services

**12**    The Defendants and the Defendants' SFPSPs contractors such as Servpro and HVACi have committed acts of gross negligence acts and breached their contractual obligations and duties, and committed bad faith acts by lying on engineering and environmental reports when defrauding the Plaintiffs. (**Ex #3**)

**13**    The Defendants' SFPSP home repair contactors like Servpro and HVACi are independent contractors who worked in the best interest of the Defendants' when filing false reports about lightning strikes and water damage from lightning strikes.

**14**    The Defendants make false promises that their SFPSP home repair contactors like Servpro and HVACi are screened and qualified and adhere to all appropriate industry standards when performing engineering and environmental services .

**15**    The Defendants have a long and sordid history intentionally manipulating and doctoring-up engineering and environmental technical reports and then accepting and receiving phony and fraudulent claims about wind and water damage.

**16**    The Defendants' unlawful acts, wanton actions and illegal conduct described abuse constitute insurance unjust enrichment by financial exploitation of the elderly, blind and partially blind , and victims of domestic violence and hate crimes.

## COUNT 2: FEDERAL CAUSE OF ACTION
## VIOLATIONS  UNDER TITLE III OF THE ADA ACT
## Public Accommodations and Commercial Facilities codified in 42 U.S. Code § 12182

**17**    The Plaintiffs are persons with a disability within the meaning of 42 U.S.C. § 12182

because they  have  impairments, that substantially limits the major life activities of

performing manual tasks.

**18**    The Plaintiffs claim that the Defendants' webpages and websites were inaccessible

to the Plaintiffs  due to their  seeing and hearing disabilities.

**19**    The  Defendants violated  the 2008 ADA -AA when the Defendant failed to mail

and sent insurance   policy  notices in an accessibility   and readable  format;  such as

**bold  and large text format (14pt bold or 18pt regular).**

**20**    The Defendants' conduct as described above  constitute discrimination based on

disability in violation of Title III of the ADA, 42 U.S.C. § 12182.

**21**    As a result of the Defendants' discriminatory actions, inactions,  acts  and conduct

under the Title III of the ADA, 42 U.S.C. § 12182,  the Plaintiffs have  suffered and

continues to suffer harms, **including emotional distress, mental anguish, pain and**

**suffering, frustration, and humiliation.**

## COUNT 3 FEDERAL CAUSE OF ACTION
## RACIAL DISCRIMINATION UNDER 42 U.S.C. 1981

**22**    The Defendants  have violated 42 U.S.C. §§ 1981by denying and cancelling the

Plaintiffs' insurance polies , who are U.S Black  U.S Citizens, the  rights to purchase and

buy insurance contracts

**23**    Therefore, the Defendants are in violation of 42 U.S.C. 1981, the Plaintiffs pray for

actual damages, equitable, and recovery of costs and attorney fees against the Defendant

for violations under 42 U.S.C. 1981.

## COUNT  4 FEDERAL CAUSE OF ACTION
## DENIAL OF EQUAL PROTECTION CLAUSE
## ( 14th Amendment and U.S Constitution Violations )
### (Against All the Defendants)

**24**    The Plaintiffs, on account of their race and color and disabilities,    were treated

differently from the Defendants, similarly situated white insurance policy holders, and the

Plaintiffs were denied equal protection of the law

**25**    The Defendants' white insurance policy holders were not subject to strict scrutiny

and intrusive conduct due to  their   race, color, age, sex ID, abuse status  and being

survivors of  GBV motivated hate crimes and acts of malicious vandalism.

**26**     The Defendants' malicious conduct, actions and acts constitute a pattern and practice of race and sex discrimination under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

**27**     The Defendants treated the   Plaintiffs differently from similarly situated white insurance policy holders   by denying the Plaintiffs equal protection of the law.

**28**     The Defendants created and/or caused abusive and ill-disposed   working relationships which caused the   Plaintiffs to suffer mental and emotional pain and caused the Plaintiffs to seek medical attention and to expend funds for medical treatment.

**29**     Thus, the Defendants are  liable for race and ethnicity discrimination acts and for violations arising under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

## COUNT 5: FEDERAL CAUSE OF ACTION
### INA Document Abuse and Discrimination
**(Against All the Defendants)**

**30**     The  Defendants' Proof of Citizenship (POC)  and Proof of Citizenship status and Proof of Immigration  status for insurance contracts created and/or caused abusive, unfriendly  and ill-disposed  business  working relationships.

31     The Defendants **ONLY ACCEPTED** certain state issued DLNs and certain state issued DLNs and certain issued state ID cards **"DID NOT"** qualify as a document to be used as "**proof of citizenship**," "**proof of immigration**" or "**proof of residential**" statues per the state's 2011 HB-56/HB-658 law requirements.

32     The Defendants, discriminatory acts under the 1952 INA Act law subject the Plaintiffs to unnecessarily and greater scrutiny than the Defendants white policy holders due to the Defendants compliance with state's 2011 HB-56/HB-658 laws.

33     The Defendants are rejecting ITINs numbers, **and ONLY ACCEPTING SSNs, state issued DLNs, and state issued IDs cards** for auto, life, and home mortgage insurance contacts, which constitute INA Act Citizenship status discrimination.

34     Thus, the Defendants are liable for the Plaintiffs personal injuries, financial harm and other financial and economic damages for reprisal and discrimination actions for immigration-related businesses contracting policies.

## COUNT 6 FEDERAL CAUSE OF ACTION
## VIOLATIONS of 18 U.S.C. § 1341 CLAIMS
## (Conspiring in Wire Frauds via the Internet, TV, Radio , Emails and/ or Cell Phone Calls which constitute violation of 18 U.S.C. § 1343.

35    The Defendants and the Defendant's SFPSP contactors have conspired in multiple instances of wire, emails, cell phones, and internet communications fraud in violations of 18 U.S.C. § 1343.

36    The Defendants and the Defendants' SFPSP contactors have filed false engineering and environmental reports via emails, cell phone, telephone calls and internet communication systems which constitute violation of 18 U.S.C. § 1343.

37    The Defendants and the Defendants' SFPSP contactors devised schemes to conceal and hid information about the Plaintiffs damage home due to lightning strikes and water damage by making false misstatements and omitting vital information via emails, cell phone, telephone calls and internet communication systems which constitute violation of 18 U.S.C. § 1343.

38    The Defendants have consciously failed to take reasonable steps and proper mitigation measures to address that risk associated with the Plaintiffs' damage home due to lightning strikes and water damage which has resulted in mold and mildew contamination damage.

**39**    Thus, the Defendants and the Defendants' SPPSP contactors have committed toxic torts environmental crimes and environmental frauds by and through use of U.S mail system which constitute violation of 18 U.S.C. § 1341.

## COUNT 7 FEDERAL CAUSE OF ACTION
## VIOLATIONS of 18 U.S.C. § 1341 CLAIMS
### (Conspiring in Mail Frauds by and through use of U.S mail system )

**40**    The Defendants and the Defendants' SPPSP contactors and consultants have devised schemes to conceal information about their insurance policy holders sick and toxic homes by making false misstatements and omitting vital information in environmental reports and documents deposited in the mail (predicate act: mail fraud).

**41**    In a pattern of pollution violations related to the Plaintiffs' sick and toxic and poisonous home contaminated with mold and mildew pollutants, the Defendants and the Defendants' SFPSP contactors have filed false reports and documents deposited in the U.S mail system (predicate act: mail fraud).

**42**    Thus, the Defendants and the Defendants' SPPSP contactors and consultants have committed toxic tort environmental crimes and environmental frauds by and through use of U.S mail system which constitute violation of 18 U.S.C. § 1341.

## COUNT 8 FEDERAL CAUSE OF ACTION
## VIOLATIONS OF 18 U.S.C. § 1341 ( HONEST SERVICE   FRAUD)
**(Against All the Defendants)**

**43**     In these insurance   schemes by the U.S mail and the wire, radio, TV, internet

communication systems., the Defendants have committed multiple acts of honest services

fraud as described under federal statute 18 U.S.C. 1346.

**44**     The Defendants and   the Defendants' business associate's honest services fraud

schemes have caused Plaintiff to suffer harm, injures   and financial damage.

## COUNT 9 FEDERAL CAUSE OF ACTION
## WILLFUL AND DELIBERATE  NONCOMPLIANCE WITH
## FCRA ACT  15 U.S.C §§ 1684b(c), 1681n
**(Against All the Defendants)**

**45**     The Defendants are  required to report accurate and complete information to the

credit reporting agencies (CRAs), such as Experian, Equifax, and TransUnion, and the

insurance industry    C.L.U.E. (Comprehensive Loss Underwriting Exchange) reports and

Verisk 's  A-PLUS Property documents.

**46**     The Defendants' false and fraudulent C.L.U.E. (Comprehensive Loss Underwriting

Exchange) reports and Verisk 's A-PLUS Property documents have severely harmed the

Plaintiffs' CRAs reports and the Plaintiffs' FICO scores.

**47**     The   Defendants have repeatedly used reported false  CRAs agencies reports , and

which harmed  and damaged the Plaintiffs' credit score.

**48**    The  Defendants have additionally   failed to conduct  proper investigations and

send correct information or delete the inaccurate data  on the Plaintiffs  CRAs  and

C.L.U.E.  and Verisk 's  A-PLUS Property documents consumer  reports and in the public

records .

**49**    The Defendants actions described   above constitute willful violations within the

statutory meaning of the FCRA Act   15 U.S.C §§ 1684b(c),1681n .

**50**    The Defendants' FCRA Act   15 U.S.C §§ 1684b(c),1681n  pattern of violations

have caused Plaintiffs to suffer harm, injures   and financial damages.

**COUNT 10 FEDERAL CAUSE OF ACTION**
**NELIGENT NONCOMPLIANCE WITH  FCRA ACT**
**15 U.S.C §§ 1684b(c), 1684o**
**(Against All the Defendants)**

**51**    The Defendants have  failed to exercise ordinary care in handling the Plaintiffs

CRAs information, causing financial losses and injuries to the Plaintiffs by disclosing,

sharing, selling, trading and distributing the Plaintiffs' CRA, PHI  and PII data to others

without prior consent and permission from the Plaintiffs.

**52**    The Defendants have violated sections 1681b(c) and 1681o of the FCRA Act by

sharing, selling, trading and distributing the Plaintiffs' consumer report information to

others without prior consent and permission from the Plaintiffs.

**53**     The Defendants' wantonness actions and acts constitute negligent and non-

compliance   violations   under Sections 1681b(c) and 1681o of the FCRA Act.

**54**     The Defendants'  malicious  breaches of duty  have caused finance harm to the

Plaintiffs and the Plaintiffs' privacy interest protected by the FCRA Act.

**55**     The Defendant's pattern of violation under the FCRA Act sections 1681b(c) and

1681o have caused the Plaintiffs to suffer financial damages.

### COUNT 11 FEDERAL CAUSE OF ACTION
### UDAAPs  ACT ABUSIVE BUSINESSES PRACTICES AND ACTS
**Pattern of violations under Sections 1031 and 1036 of the Dodd-Frank Act**
**(Against All the Defendants)**

**56**     The Defendants' predatory business  policies and  unfair,  abusive, and

discriminatory   actions and acts as described  above  constitute  violations under  the

2010 Dodd-Frank's   aka  the CFPA Act UDAAPs laws .

**57**      The Defendants' predatory business   policies and discriminatory practices

unreasonably took advantage of the Plaintiffs, elderly and disabled individuals ,  inability

to protect themselves and their interests as consumers in selecting or using  the

Defendants' financial  and insurance consumers products or services, " which constitute

violations  under 12 U.S.C. § 5531(d)(2)(B).

**58**    The Defendants' actions constitute  willful violations   of the Dodd-Frank and/or

CFPA Act  UDAAPs  unfair, deceptive or abusive acts or practices.

**59**    The Defendant's violations under Sections 1031 and 1036 of the Dodd-Frank Act

have caused the Plaintiffs to suffer injuries   and financial and economic damage.


**COUNT 12 STATE CAUSE OF ACTION**
**DOMESTIC ABUSE INSURANCE PROTECTION  ACTS**
**Codified  in AL Code § 27-55-3 (2024)**
**(Against All the Defendants)**

**60**    The Plaintiffs are survivors of race, religion and  gender-based violence (GBV).

**61**    The Plaintiffs aver  that **AL Code § 27-55-3 (2024) says,  <u>NO INSURER  MAY</u>:**

> *Deny, refuse to issue, renew, or reissue, cancel, or otherwise terminate, restrict,*
>
> *or exclude coverage on an insurance policy or health benefit plan on the basis*
>
> *of an applicant's or insured's abuse status, or based on any association,*
>
> *relationship, or assistance to a subject of abuse.*

**62**    Therefore, the Defendants are in violation of AL Code § 27-55-3 (2024),  the

Plaintiffs pray for actual damages, equitable, and recovery of costs and attorney fees

against the Defendants for violations under 42 U.S.C. 1981.

## COUNT 13 STATE  CAUSE OF ACTION
## VIOLATIONS  OF ALABAMA'S PROMPT PAY LAWS
### Code of Alabama 27-1-17

**63**     The state of Alabama  rules requiring insurers to pay or deny claims within a certain time frame, usually 30, 45, or 60 days,  known as "prompt pay," laws.

**64**     The state of Alabama  "prompt pay laws" often require insurers to pay electronic claims faster than paper claims.

**65**     Alabama Prompt pay laws  codified  in Alabama Code 27-1-17 says

> *Insurers shall pay for services rendered within 45 days upon receipt of a clean written claim or 30 days upon receipt of a clean electronic claim. If claim is denied, insurer must provide a reason for denying or pending the claim and what, if any, additional information is required to process the claim.*

**66**     Therefore, the Defendants are in violation of Alabama Prompt pay laws  codified  in Alabama Code 27-1-17, the Plaintiffs pray for actual damages, equitable, and recovery of costs and attorney fees against the Defendants for violations under Alabama Code 27-1-17.

## COUNT 14 STATE CAUSE OF ACTION
## PROMISSORY ESTOPPEL  UNDER STATE COMMON LAW
### *(Making False Prompt Payment Statements and Fraudulent Claims under the Defendant's Homeowners Insurance Contract Contract)*

**67**    The Defendants promised to provide coverage pursuant to the Defendants' Homeowners insurance  contract due to  perils  including  lightning strikes and resulting in water, mold and mildew damage and mitigation  costs.

**68**    The Plaintiffs relied upon  the Defendants' promises to their detriment when they purchased the Defendant's homeowners' insurance policy .

**69**    The Plaintiffs demand that  the Defendants honor their contractual obligations with them under the Defendants' homeowner's insurance policy.

**70**    The Plaintiffs notified Defendants of these **alleged violations by letter dated September  5, 2025.**

## COUNT 15 FEDERAL CAUSE OF ACTION
## FDCPA ACT CLAIMS

**71**    The   Defendant owes the Plaintiffs **$372,437.36 ($360,423.24 principal, plus interest in the amount   of $12,014.12, as of September  5, 2025),** plus interest at the rate of 15 percent per annum thereafter until the date of judgment.

**72**    Written demand has been made upon the Defendant for said claims, but the Defendant has failed and refused to make payment thereof.

**WHEREFORE,** the Plaintiffs demand judgement against the Defendants in the

**amount $372,437.36** plus interest at the rate of 10 percent per annum thereafter until

the date of judgment, and/or interest at the legal rate from the date of judgment until

paid in full, plus medical costs, court costs and other proper relief.


## COUNT 16 FEDERAL CAUSE OF ACTION
## VIOLATION OF THE FAIR HOUSING ACT, 42 U.S.C. § 3604(a) & (b)

73    Pursuant to 42 U.S.C. § 3604(a), "[i]t shall be unlawful . . . [to] otherwise make

unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial

status, or national origin."

74    Pursuant to 42 U.S.C. § 3604(b), "[i]t shall be unlawful . . . [t]o discriminate against

any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the

provision of services or facilities in connection therewith, because of race, color, religion,

sex, familial status, or national origin."

75    Pursuant to 42 U.S.C. § 3604: (b),  it shall be unlawful . . . to engage in any conduct

relating to the provision of housing or of services and facilities in connection therewith

that otherwise makes unavailable or denies dwellings to persons such as denying  and

cancelling  insurance   contracts, and refusing to provide property, fire and/or hazard

insurance for dwellings differently because of race , color, disabilities , etc.

17

76    The Defendants' discriminatory claim processing methods provide insurance coverage differently on the basis oof race, color, religion, sex, familial status, or national origin and the **insured's abuse status and being a survivor of GBV crimes.**

77    The Defendants' claims processing methods violate Section 3604 of the FHA and constitute actionable discrimination on the basis of race, color and sex.

78    In addition to tangible and intangible financial and economic injuries and harm due to the Defendants delay in payments to the Plaintiffs', as Black policyholders and survivors of GBV hate crime, the discriminatory effects of the Defendant's claims processing methods have caused the Plaintiffs significant financial hardship and frustration, inconvenience, and humiliation on account of their race, color, disabilities , political and religious views and beliefs, and abuse status.

79    The Plaintiffs are aggrieved as defined in the FHA Act by virtue of having been subjected to the Defendant's unconstitutional and discriminatory claims processing methods, which artificially, arbitrarily, and unnecessarily subject the claims of Black and survivors of GBV policyholders to greater scrutiny than those of white persons and nonwhite beaten and battered insurance policyholders.

**80**     Therefore, the Defendants are in violation of 42 U.S.C. § 3604(a) of the FHA Act ,

the Plaintiffs pray for actual damages, equitable, and recovery of costs and attorney fees

against the Defendants for violations under 42 U.S.C. § 3604(a) of the FHA Act.

## COUNT 17 FEDERAL CAUSE OF ACTION
## VIOLATION OF THE FAIR HOUSING ACT, 42 U.S.C. § 3605

**81**     Pursuant to 42 U.S.C. § 3605, "[i]t shall be unlawful for any person or other entity

whose business includes engaging in residential real estate-related transactions to

discriminate against any person in making available such a transaction, or in the terms or

conditions of such a transactions, because of race . . . ."

**82**     Homeowners insurance companies operate to provide their policyholders with the

financial assistance needed to improve, repair, and maintain their homes when property

damage and loss occur.

**83**     Thus,  the  homeowner's insurance claims process by the Defendants constitutes

violations  under  Section 3605 of the FHA Act.

**84**     The  Defendants' insurance claims processing methods artificially, arbitrarily, and

unnecessarily subject the insurance claims of Black  and survivor of GBV hate crimes

homeowners to greater scrutiny than those of white  and non-battered  homeowners and

thus result in greater delays and inconvenience to Black  and survivor of  race, political

religious  and  GBV hate crimes   homeowners.

19

**85**    The  Defendants  uses claim processing methods that have a discriminatory impact

on Blacks, Hispanics, Latinos  policyholders and battered and beaten  policyholders who

are  survivors of GBV hate crimes  and hate crime acts of vandalism.

**86**    The  Plaintiffs have been harmed   and injured by the  Defendants  discriminatory

conduct and have suffered damages as a result.

## COUNT 18 FEDERAL CAUSE OF ACTION
## VIOLATION OF THE FAIR HOUSING ACT, 42 USC Section 3602(h).

**87**    A disability as defined by the FHA  Act  is a person who has "a physical or mental

impairment which substantially limits one or more of such person's major life activities, a

record of having such an impairment, or being regarded as having such an impairment."

42 USC Section 3602(h).

**88**    The  Defendants  were  denying and canceling  the  Plaintiffs insurance policies due

the  Plaintiff Gregory  Kelly's blindness,   and/or partial blindness

**89**    The  Plaintiffs have been harmed   and injured economically and non-economically

by the  Defendants  discriminatory actions, acts  and conduct and   the Plaintiffs have

suffered damages as a result of the   Defendants   violations  under    42 USC Section

3602(h) of the FHA Act laws.

## COUNT 19 FEDERAL CAUSE OF ACTION
## VIOLATION OF THE FAIR HOUSING ACT, 42 U.S. Code § 3604

**90**    The Fair Housing Act's prohibition against sex discrimination  and the  insured's

abuse status , and survivors  of  sex ID  and GBV( gender-based violence)   hate crimes

are  codified primarily in 42 U.S. Code § 3604.

**91**    The  Defendants  were  annulling, denying, terminating,  and canceling  the

Plaintiffs insurance policies due to the  Plaintiffs' abuse status , **and  being survivors  of**

**GBV( gender-based violence)    hate crimes and hate crime vandalism acts.**

**92**    The  Plaintiffs have been harmed   and injured by the  Defendants  discriminatory

conduct, actions and acts and the Plaintiffs have suffered damages as a result of the

Defendants   violations  under 42 U.S. Code § 3604.


## COUNT 20 FEDERAL CAUSE OF ACTION
## VIOLATION OF THE FAIR HOUSING ACT, 42 U.S.C. § 3631

**93**    The Fair Housing Act's criminal provision, 42 U.S.C. § 3631, makes it a federal hate

crime to use force or threats of force to interfere with housing rights based on protected

characteristics like race, color, religion, sex, or national origin.

94    The Defendants were denying and canceling the Plaintiffs insurance policies due the Plaintiffs' being survivors of hate crimes motived by race, color, religion, sex, or national origin , and because the Plaintiffs are survivors of GBV( gender-based violence) hate crimes and hate crime vandalism acts.

95    The Plaintiffs have been harmed and injured by the Defendants unconstitutional and discriminatory conduct, actions and acts and the Plaintiffs suffered damage and injuries as a result of the Defendants' violations under 42 U.S. Code § 3604.

## COUNT 21 STATE CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96    The conduct and actions of the Defendants constituted an intentional infliction of emotional distress on the Plaintiffs that was malicious.

97    The Defendants acted willfully, maliciously, recklessly, and wantonly in words and deeds toward the Plaintiffs.

98    The Defendant's conduct and actions evoked outage in civilized society.

99    The Defendant' s conduct and actions were intended to cause personal harm and economical injuries to the Plaintiffs.

100    The Plaintiffs have suffered severe emotional distress as a direct result of the Defendant's conduct, actions and unlawful crimes.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

A. Enter a judgment pursuant to 42 U.S.C. § 3613 declaring the acts and practices of The Defendants' complained of herein to be in violation of the FHA Act.

B. Pursuant to 42 U.S.C. § 3613 enjoining the Defendants and the Defendants' agents and employees, affiliates and subsidiaries, from continuing to discriminate against Plaintiffs and other affective  individuals  due Plaintiffs race , color, sex, sex ID abuse status , through further use of their current claims processing methods.

C. Pursuant to 42 U.S. Code § 3604 enjoining the Defendants and the Defendants' agents and employees, affiliates and subsidiaries, from continuing to discriminate against Plaintiffs and other affective  individuals  due their race , color, abuse status , through further use of their current claims processing methods.

D.  Order the Defendants , pursuant to 42 U.S.C. § 3613, to monitor and/or audit its claims processing methods to ensure the cessation of discriminatory effects in claims processing.

E. Order the Defendants , pursuant to INA Anti-Discrimination  laws to monitor and/or audit its claims processing methods to ensure the cessation of discriminatory effects in claims processing.

F. Order the Defendants , pursuant to FCRA Act  15 U.S.C §§ 1684b(c),1681n, to

   monitor and/or audit its claims processing methods to ensure the cessation of

   discriminatory effects in claims processing.

G. Award  the Plaintiffs the costs of this action, including the fees and court costs  with

   reasonable attorneys' fees, pursuant to 42 U.S.C. § 3613.

H. Grant the Plaintiffs   and other grieved  individuals  such other and further relief as

   this Court finds necessary and deems proper.

**Respectfully Submitted October 1st of 2025.**

By: *Annette B. Kelly*
10/1/2025 aBK

**Annette B Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com
Phone Number: 334-356-0473

By: *Gregory Kelly* 10.1.2025
91

**Gregory Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com
Phone Number: 334-356-0473