IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO. 2:25-cv-795-ECM ) |
| STATE FARM INSURANCE COMPANY, | ) ) |
| Defendant.[1] | ) |

**O R D E R**

On May 21, 2025, the Court declared Plaintiff Gregory Kelly a vexatious litigant "as a consequence of Kelly's vexatious filing of shotgun pleadings" and further ordered that "in the event Kelly files a shotgun pleading in the future, after appropriate review, the Court will summarily dismiss the pleading and action without prejudice." (Doc. 52 at 2 in *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (M.D. Ala.)). On October 1, 2025, Gregory Kelly and Annette B. Kelly filed this civil action as co-plaintiffs. (Doc. 1). On October 17, 2025, the Magistrate Judge ordered the Plaintiffs to file an amended complaint (doc. 11), and the Plaintiffs filed an amended complaint (the operative complaint) on October 21, 2025 (doc. 13).

On November 19, 2025, the Magistrate Judge entered a Recommendation that this action be dismissed without prejudice for failure to comply with court orders and failure to prosecute. (Doc. 25). The Magistrate Judge also recommended that, "[a]s a consequence

---

[1] The amended complaint lists State Farm Insurance Company as the only Defendant and removes Kris Stallworth as a Defendant. (*See* doc. 13 at 2). Consequently, the Clerk of the Court is DIRECTED to terminate Kris Stallworth as a Defendant.

of Gregory Kelly's vexatious filing of shotgun pleadings, in the event Gregory Kelly or *anyone* acting in concert with him files a shotgun complaint in the future," the Court summarily dismiss the pleading and the action without prejudice after appropriate review. (*Id.* at 24).

The Plaintiffs filed two replies to the Magistrate Judge's Recommendation (docs. 30, 31), which the Court construes as objections to the Recommendation.  After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiffs' objections, the Court concludes that the objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. See *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a

magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

The Plaintiffs do not specifically object to any of the Magistrate Judge's findings or conclusions, including the Magistrate Judge's conclusion that they failed to comply with court orders. The Plaintiffs assert that they were unable to attend the November 18, 2025 status conference before the Magistrate Judge because Annette Kelly experienced an acute medical issue. Assuming without deciding that the Court accepts this explanation as an adequate excuse for their failure to appear at the status conference as ordered, the Plaintiffs do not adequately address or justify their other failures to comply with court orders. For example, the Plaintiffs do not adequately address their failure to file an amended complaint which complies with the Federal Rules of Civil Procedure. Instead, the Plaintiffs seek "a motion for deprivation of civil rights and motion for monetary and injunctive relief to prevent the Defendants from demonizing and defaming the Plaintiffs as Black agitating and disabled vexations litigants." (Doc. 30 at 5) (errors in original). The Court discerns no error, let alone clear error, in the Magistrate Judge's Recommendation. The Court agrees that the amended complaint fails to comply with the Federal Rules of Civil Procedure and that this case is due to be dismissed without prejudice.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

---

[2] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

1. The Plaintiffs' objections (docs. 30, 31) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 25) is ADOPTED;

3. As a consequence of Gregory Kelly's vexatious filing of shotgun pleadings, in the event that Gregory Kelly or anyone acting in concert with him files a shotgun complaint in the future, this Court will summarily dismiss the pleading and the action without prejudice after appropriate review;

4. This case is DISMISSED without prejudice;

5. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 15th day of December, 2025.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE