# EXHIBIT

# #1



## U.S. Department of Justice
*United States Attorney's Office*
*Middle District of Alabama*

131 Clayton Street
Montgomery, Alabama 36104
Telephone: 334/223-7280
Fax: 334/223-7560

March 27, 2013

Mr. Gregory Kelly
6213 Willow Glen Drive
Montgomery, AL 36117

Re:     Criminal Activities Occurring in Montgomery County, and on University, College
and School Campuses – dated March 17, 2013;

Protesting Against Student Aid Frauds, NCAA, Disability Violations in ASU
Financial and Athletic Departments – dated March 20, 1013;

Protesting Against Student Aid Financial Criminal Rings in ASU's
Financial, Business and Athletic Departments – dated March 20, 2013;

Protesting Against a Pattern of Civil Rights and Civil Liberty Violations
Under HB-56 and HB-658 Anti-Immigration Provisions – dated March 22, 2013;

Protesting Against Fraud, Waste, Abuse, and HB-56 and HB-658 Discrimination
Under the TARP/Stabilization and ARRA/Stimulus Federally Funded Programs -
Dated March 25, 2013

Dear Mr. Kelly:

This acknowledges receipt of copies of your five letters, with attachments, on the above
subjects, alleging various fraudulent, civil and criminal violations in the Middle District of
Alabama. I am by copy of this letter forwarding your correspondence to the FBI for whatever
action they deem appropriate.

Yours truly,

George L. Beck, Jr.
United States Attorney

GLBJr:bmm

cc:     SSRA Kelvin King
Federal Bureau of Investigation
P.O. Box 4040
Montgomery, AL  36103



PLAINTIFF'S
EXHIBIT

1-1

U.S. Department of Justice

Civil Rights Division

JF-RG-tt
144-2-0
*1080903*

Criminal Section
150 M Street NE
Washington DC 20002

Gregory Kelly                                            May 1, 2024
6213 Willow Glen Drive
Montgomery, AL 36117

Dear Mr. Kelly,

Thank you for your correspondence. The Civil Rights Division relies on information from community members to identify potential civil rights violations. The Federal Bureau of Investigation and other law enforcement agencies conduct investigations for the Division. Therefore, you may want to contact your local FBI office or visit **www.FBI.gov**.

The Criminal Section is one of several Sections in the Civil Rights Division of the U.S. Department of Justice. We are responsible for enforcing federal criminal civil rights statutes. The Criminal Section prosecutes criminal cases involving:

- Civil rights violations by persons acting under color of law, such as federal, state, or other police officers or corrections officers;
- Hate crimes;
- Force or threats intended to interfere with religious activities because of their religious nature;
- Force or threats intended to interfere with providing or obtaining reproductive health services and
- Human trafficking in the form of coerced labor or commercial sex.

We cannot help you recover damages or seek any other personal relief. We also cannot assist you in ongoing criminal cases, including wrongful convictions, appeals, or sentencing. For more detailed information about the Criminal Section or the work we do, please visit our web page: **www.justice.gov/crt/about/crm/**.

We will review your letter to decide whether it is necessary to contact you for additional information. We do not have the resources to follow-up on or reply to every letter. If your concern is not within this Section's area of work, you may wish to consult the Civil Rights Division web page to determine whether another Section of the Division may be able to address your concerns: **www.justice.gov/crt**. Again, if you are writing to report a crime, please contact the federal and/or state law enforcement agencies in your local area, such as the Federal Bureau of Investigation or your local police department or sheriff's office.

Sincerely,
/s/
The Criminal Section

PLAINTIFF'S
EXHIBIT
1-2



**U.S. Department of Justice**

Office of the Associate Attorney General

*Associate Attorney General*                     *Washington, D.C. 20530*

April 20, 2023

Dear Colleague:

The U.S. Department of Justice (Department) is committed to working with state and local courts and juvenile justice agencies to ensure that their assessment of fines and fees is constitutional and nondiscriminatory. To advance that goal, the Department has revised and updated a letter it previously issued in 2016 that focused on the assessment of fines and fees against adults, as well as a 2017 advisory addressing the assessment of fines and fees against juveniles. The letter, issued today by the Civil Rights Division, Office of Justice Programs, and Office for Access to Justice, addresses in detail the assessment of fines and fees against both adults and juveniles. The letter includes an updated discussion of the relevant case law on the assessments of fines and fees, cautions against discriminatory enforcement of fines and fees, and details the obligations of federal funding recipients to comply with federal statutory prohibitions against discrimination in the imposition and collection of fines and fees.

The letter outlines circumstances where unjust imposition and enforcement of fines and fees violate the civil rights of adults and youth accused of felonies, misdemeanors, juvenile offenses, quasi-criminal ordinance violations, and civil infractions, as well as circumstances that raise significant public policy concerns. In particular, the letter outlines the below seven constitutional principles:

(1) The Eighth Amendment prohibits the imposition of fines and fees that are grossly disproportionate to the severity of the offense;

(2) The Fourteenth Amendment prohibits incarceration for nonpayment of fines and fees without first conducting an ability-to-pay determination and establishing that the failure to pay is willful;

(3) The Fourteenth Amendment requires the consideration of alternatives before incarcerating individuals who are unable to pay fines and fees;

(4) The Fourteenth Amendment prohibits the imposition of fines and fees that create conflicts of interest;

(5) The Fourteenth Amendment prohibits conditioning access to the judicial process on the payment of fees by individuals who are unable to pay;

(6) The Sixth and Fourteenth Amendments require due process protections, such as access to counsel in appropriate cases, as well as notice, when imposing and enforcing fines and fees; and

(7) The Fourteenth Amendment prohibits the imposition of fines and fees in a manner that intentionally discriminates against a protected class.



In addition to constitutional responsibilities and related public policy concerns, the letter outlines the obligations of recipients of federal financial assistance (including courts) under Title VI of the Civil

Rights Act of 1964 (Title VI), the Omnibus Crime Control and Safe Streets Act of 1968 (Safe Streets Act), and other statutes with nondiscrimination provisions. Collectively, these statutes, and their implementing regulations, prohibit recipients of federal financial assistance from discriminating on the basis of race, color, national origin, religion, and sex. For example, under Title VI and the Safe Streets Act, which both prohibit national origin discrimination, state court systems and other federal funding recipients are required to take reasonable steps to provide meaningful access to people who have limited proficiency in English.

As noted in the letter, imposition of fines and fees that do not comply with constitutional and statutory requirements, or that fail to take account of other public policy concerns, may erode trust between local governments and their constituents, increase recidivism, undermine rehabilitation and successful reentry, and generate little or no net revenue. The letter further notes that the detrimental effects of unjust fines and fees (including escalating debt, being subjected to changes in immigration status, and loss of one's employment, driver's license, voting rights, or home, among others) fall disproportionately on low-income communities and people of color, who are overrepresented in the criminal legal system and may already face economic obstacles arising from discrimination, bias, or systemic inequities. Moreover, the letter emphasizes the negative impact of imposing fines and fees on youth, which may also fall on families in low-income communities and people of color, because youth are unlikely to be able to afford to pay fines or fees without familial support.

The letter also identifies best practices and recommendations that courts can consider and adopt related to each principle. The letter acknowledges that many states, municipalities, and court leaders have adopted innovative approaches to reduce their reliance on fines and fees. The Department's Office for Access to Justice is developing a best practices guide, which will highlight work and efforts by states, municipalities, and court leaders in this area.

The Department remains committed to collaborating with court leaders and stakeholders in the criminal legal system to develop and share solutions. The Department is open to serve as a resource, collaborate and promote solutions, and provide grant funding and technical assistance to state, county, local, and tribal courts to improve the functioning and fairness of the justice system.

To that end, in the coming weeks, the Department's Office of Justice Programs, Bureau of Justice Assistance will release a solicitation ("The Price of Justice: Rethinking the Consequences of Fines and Fees") seeking a training and technical assistance provider to work with a select number of jurisdictions interested in understanding and reforming their fines and fees policies and practices, and ultimately seeking to reduce the use of unjust fines and fees and redirect the resources used in these systems into activities with a greater return on public safety. The Department of Justice supports wide dissemination of the letter.

Sincerely,

Vanita Gupta
Associate Attorney General

PLAINTIFF'S EXHIBIT
1-4



**The Crimson White** • November 16, 2011 •
https://thecrimsonwhite.com/8827/news/list-of-machine-fraternities-and-sororities/

# List of Machine fraternities and sororities

CW Staff

*Editor's note: Fraternities and sororities on this list were confirmed to be affiliated with Theta Nu Epsilon by two sources with knowledge about the operations of the Machine. All presidents were contacted for a response but either declined to comment or could not be reached for comment.*

**Fraternities:**

Beta Theta Pi

Delta Chi

Delta Kappa Epsilon

Delta Tau Delta

Kappa Alpha Order

Kappa Sigma

Lambda Chi Alpha



PLAINTIFF'S EXHIBIT

1 - 5

Phi Delta Theta

Phi Gamma Delta

Pi Kappa Alpha

Pi Kappa Phi

Sigma Alpha Epsilon

Sigma Chi

Sigma Nu

Theta Chi

Zeta Beta Tau

**Sororities**

Alpha Chi Omega

Alpha Delta Pi

Alpha Gamma Delta

Alpha Omicron Pi

Chi Omega

Delta Delta Delta

Delta Zeta

Kappa Delta

Kappa Kappa Gamma

Phi Mu

Pi Beta Phi

Zeta Tau Alpha



PLAINTIFF'S EXHIBIT

1 - 6