# EXHIBIT

# #4



**Department of Energy**
Washington, DC 20585

April 18, 2014

Mr. Gregory Kelly
6213 Willow Glen Drive
Montgomery, AL 36117

Re: Department of Energy Office of Inspector
General Hotline Complaint I14RC002

Dear Mr. Kelly:

This letter is regarding the complaint you filed with the Department of Energy (DOE) Office of Inspector General (OIG) under Section 1553 of Division A, Title XV of the American Recovery and Reinvestment Act of 2009, P.L. 111-5 (ARRA or the Recovery Act). Before we can proceed with a review of your complaint, we need additional information to confirm that we have jurisdiction under Section 1553.

Section 1553 prohibits reprisals against a non-Federal employee of an entity receiving Recovery Act funds for disclosing information that the employee reasonably believes is evidence of gross mismanagement, a gross waste of funds, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to Recovery Act funds expended by DOE. It also requires that the Inspector General investigate a reprisal complaint, unless the complaint is determined to be frivolous, does not relate to covered DOE funds, or another Federal or State judicial or administrative proceeding has previously been invoked to resolve such complaint.

We request that you provide responses to the following questions:

(1) In the complaint form that you provided to the DOE OIG, you stated that you were employed by: (a) the Alabama Public Service Commission; (b) the Alabama Department of Economic and Community Affairs; and (c) "24 State of Alabama Communities."

Please identify the specific entities by which you were employed, the dates of your employment with each entity, and the position(s) that you held. In addition, please provide all relevant information regarding the termination of your employment by each of these entities, including the date of termination, the stated reason for the termination, the identity of any individuals involved, and any other circumstances that relate to the termination.

(2) Your complaint asserts that you made disclosures regarding: (a) a violation of law rule or regulation related a DOE contract or grant funded by ARRA funds; (b) gross mismanagement of a DOE contract or grant funded by ARRA funds; (c) a gross waste of ARRA funds; (d) an abuse of authority related to the implementation or use of ARRA funds; and (e) a substantial and specific danger to public health and safety related to implementation or use of ARRA funds.

PLAINTIFF'S EXHIBIT
41

For each of these disclosures, please provide a description of the subject matter of each disclosure, including how it relates to a contract or grant with DOE funded by the Recovery Act, an approximate date on which each disclosure was made, the identity of each individual to whom the disclosure was made, the identity of any one who witnessed or may have knowledge of the disclosure, and any other facts or circumstances that relate to the disclosure  Please note that , for purposes of a Section 1553 investigation, the DOE OIG will only review disclosures that were made prior to the alleged retaliatory action or termination.

(3)  Please provide information regarding what  action(s) occurred, failed to occur, or was threatened because of the disclosure(s) listed in (2) above.  Please be as specific as possible and identify when the action occurred, who was involved in the action (include name(s), title(s), their relationship to you, and their role in the action.  In addition, explain why you believe that this action occurred because of the disclosure(s) that you described.  Identify actual and potential witnesses, giving work locations and telephone numbers, if known.  Attach a copy of any documents that support your statements.)

We ask that you provide this information by May 19, 2014.  If you have any questions regarding the information that we are requesting or if additional time is necessary to provide your response, please feel free to contact me by telephone at (202) 586-4771, or by email at geoffrey.gray@hq.doe.gov.

Sincerely,

Geoffrey W. Gray
Assistant Counsel
Office of Inspector General
U.S. Department of Energy



PLAINTIFF'S
EXHIBIT
4-2

2

# Grant: ALABAMA PUBLIC SERVICE COMMISSION

**Primary Recipient**
ALABAMA PUBLIC SERVICE COMMISSION

**Amount**
$868,824.00

**Award Date**
4/07/2010

**Administering Agency**
Energy, Department of

**CDFA Number**

81.122

**CDFA Program Title**
Electricity Delivery and Energy Reliability, Research, Development and Analysis

**Description**
The PSC is using the grant to support efforts to promote and/or accomplish electricity-related initiatives in Alabama and enhance our regulatory capacity to be more proactive and productive. To meet these objectives, we hired five people: four analysts



PLAINTIFF'S
EXHIBIT
4-3

**U.S. Department of Labor**     Administrative Review Board
200 Constitution Avenue, N.W.
Washington, D.C. 20210



In the Matter of:


GREGORY KELLY,                              ARB CASE NO.   2020-0009

        **COMPLAINANT,**                 ALJ CASE NO.   2019-ERA-00013
  v.

                              DATE:
**STATE OF ALABAMA PUBLIC**                           **OCT 2 3 2019**
**SERVICE COMMISSION** *et al,*

        **RESPONDENT.**


**Appearances:**

**For the Complainant:**
    Gregory Kelly, *pro se*, Montgomery, Alabama

**For the Respondent:  No Appearance**

**BEFORE:  William T. Barto,** *Chief Administrative Appeals Judge* **and**
**Heather C. Leslie,** *Administrative Appeals Judge*


### FINAL DECISION AND ORDER DENYING PETITION FOR REVIEW

As noted by the Administrative Law Judge (ALJ) below, in 2018 and 2019 Gregory Kelly ("Kelly" or "Complainant") filed multiple complaints with the U.S. Department of Labor, Occupational Safety and Health Administration ("OSHA") under various whistleblower statutes, including, but not limited to, the Energy Reorganization Act ("ERA"), 42 U.S.C. § 5851, the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 5851 and Section 11(c) of the Occupational Safety and Health ("OSH") Act. In a letter dated May 13, 2019, OSHA notified Complainant that it was dismissing his complaints because they were untimely and failed to establish reasonable cause to believe that whistleblower retaliation had occurred. On April 30, 2019, Complainant filed a request for hearing with the Office of Administrative Law Judges ("OALJ" or "Office") challenging OSHA's determination.

PLAINTIFF'S
EXHIBIT
4-4

On September 25, 2019, the ALJ, *sua sponte*, dismissed the complaints before him. The ALJ concluded the complaints were untimely and Complainant failed to allege any facts to justify the application of equitable tolling principles. Further, the ALJ concluded that he lacked jurisdiction to adjudicate any claims arising under the OSH Act, relying on 29 U.S.C. § 660(c)(2) as well as *Gummala v. Carnival Cruise Lines*, Inc., ARB No. 15-088, ALJ No. 2015-SPA-1, slip op. at 2, n.3 (September 26, 2017). For these reasons, the ALJ dismissed the complaint before him.

Complainant timely filed a petition for review with the Administrative Review Board (ARB or Board). "The Board may decline review of any case whenever in its judgment review would be inappropriate because of lack of timeliness, the nature of the relief sought, the case involves only settled issues of law, the appeal is frivolous on its face, or other reasons." 29 C.F.R. § 8.9(a)(2018); Secretary's Order No. 01-2019 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board), 84 Fed. Reg. 13,072 (Apr. 3, 2019)(directing use of rules of practice at 29 C.F.R. Part 8 for, *inter alia*, whistleblower appeals).

Upon review of the matters submitted by Complainant in connection with his petition, we are unable to identify any explanation as to the untimeliness of his putative whistleblower complaints, as found by the ALJ below, nor is there any argument advanced by Complainant as to why the Department of Labor might have jurisdiction over the various other claims raised in his pleadings, including the OSH Act. We have considered the fact that Complainant is self-represented, but we also note that he is an experienced litigant, having filed over 20 similar complaints with the Department of Labor since 2009.[1] Under these circumstances, and in light of the well-reasoned decision below, we determine that review of this matter would, in our judgment, be inappropriate due to the uncontroverted and unexplained untimeliness of the complaints at issue and the lack of jurisdiction noted by the ALJ below.

Accordingly, the Petition for Review filed by Complainant is hereby **DENIED**. The ALJ's Decision and Order, dated 25 September 2019, is the final agency action in this matter.

**SO ORDERED.**

---

[1] The ALJ outlined some of these complaints in footnote 1 of the Decision and Order.

1

## ADMINISTRATIVE EVIEW BOARD
### Certificate of Service

**ARB CASE NAME:**     *Gregory Kelly v. State of Alabama-Public Service Commission, et al*

**ARB CASE NO.**  :    **2020-0009**

**ALJ CASE NO.**  :    **2019-ERA-00013**

**DOCUMENT**   :    **ORDER**

A copy of the above referenced document was sent to the following persons on

     **OCT 2 3 2019**     .

### CERTIFIED MAIL:

Gregory Kelly
6213 Willow Glen Drive
Montgomery, AL  36117

State of Alabama Public Service Commission
100 North Union Street
RSA Union –Suite 836
Montgomery, AL  36104

### REGULAR MAIL

Associate Solicitor
Division of Fair Labor Standards
U.S. Department of Labor
Room N-2716, FPB
200 Constitution Ave., N.W.
Washington, DC  20210

Director
Directorate of Whistleblower
Protection Programs
U.S. Department of Labor, OSHA
Room N4618
200 Constitution Avenue, N.W.
Washington, D.C. 20210



2

Regional Administrator
Region 4
U.S. Department of Labor, OSHA
61 Forsyth Street, S.W.
Atlanta, GA 30303

Regional Solicitor
U.S. Department of Labor
Sam Nunn Federal Center
Room 7T10
61 Forsyth Street, S.W.
Atlanta, GA 30303

Assistant General Counsel for Materials
Litigation and Enforcement
Office of the General Counsel
U.S. Nuclear Regulatory Commission
Washington, D.C. 20555-0001

NRC Enforcement Coordinator
U.S. Nuclear Regulatory Commission Region II
Marquis One Tower
245 Peachtree Center Avenue, NE, Suite 1200
Atlanta, GA 30303

Director
Office of Enforcement
U.S. Nuclear Regulatory Commission
One White Flint North
11555 Rockville Pike
Rockville, MD 20852-2738

J. Alick Henderson
Office of Administrative Law Judges
5100 Village Walk, Suite 200
Covington, LA 70433-2846

Hon. Stephen R. Henley
Chief Administrative Law Judge
Office of Administrative Law Judges
800 K Street, N.W., Suite 400
Washington, DC 20001-8002



PLAINTIFF'S
EXHIBIT
4-7

Subject:  Department of Energy Office of Inspector General

From:    IGHOTLINE@hq.doe.gov

To:      gkelly6213@yahoo.com
Date:    Saturday, July 7, 2018, 12:12:03 AM CDT


Thank you for contacting the U.S. Department of Energy's Office of Inspector General Hotline.  This serves to acknowledge receipt of your message.  The Hotline facilitates the reporting of allegations of fraud, waste, or abuse concerning Department of Energy programs and/or operations.  You may obtain additional information regarding the Hotline at http://energy.gov/ig/services. The "Complaint Processing" section explains the actions the Office of Inspector General may take regarding your complaint.

Please note that your complaint to the Office of Inspector General does not preclude you from pursuing other remedies that may be available to you.

You may request an update on the status of your complaint by contacting the Hotline.

Hotline Coordinator
U.S. Department of Energy
Office of Inspector General



PLAINTIFF'S
EXHIBIT
4-8

# Re: DOE OIG Complaint

**Gregory Kelly** <gkelly6213@yahoo.com>

To: Henderson, Steven

On Monday, February 26, 2018, 3:19:04 PM CST,
Henderson, Steven <Steven.Henderson@hq.doe.gov> wrote:

Gregory Kelly,

Thank you for contacting the Department of Energy's (DOE) Office of Inspector General
(OIG)Hotline.  Please review our website at https://www.energy.gov/ig/ig-hotline to learn more
information about complaint processing and confidentiality. As a complainant, if you do not want your
identity released outside of the OIG you must request confidentiality (by email or phone).  Also,  I have a
few questions regarding your complaint. Do you have any specific information regarding the allegation
of misuse of American Recovery Act Funds to include: what DOE program office? what specific project?

Thank you,

Steven Henderson

Investigative Analyst

U.S. Department of Energy

Office of Inspector General

Office of Investigations

Hotline & Analysis Section

202-586-8917



LTR-NRC-13-52

From:    Mendez, Sandra (Sandra.Mendez-Gonzalez@nrc.gov)

To:    gkelly6213@yahoo.com

Date:    Tuesday, June 18, 2019, 09:33 AM CDT

The NRC was provided this e-mail address as a form of communication with you. To ensure this information is correct, please confirm by contacting us by telephone, responding to this e-mail, or other means (facsimile, etc.). Please be advised that we cannot protect the information during transmission on the Internet and there is the possibility that someone else could read our response while it is in transmission to you. If you do not confirm your desire to communicate via the Internet by contacting us by telephone or responding to this e-mail, we will not transmit any additional information to you via the Internet. We will attempt to communicate with you via any other forms of communication provided to the NRC.

# Sandra L. Mendez-Gonzalez

**Allegation Coordinator – RII | ORA | Enforcement and Investigation Coordination Staff**

**U.S. Nuclear Regulatory Commission – RII**

**Marquis One Tower | 245 Peachtree Center Ave. NE |Suite 1200 | Atlanta, GA  30303**
**☎D: 404.997.4707 | 7F: 404.997.4903| ✉: slm4@nrc.gov | www.nrc.gov**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please be advised that the NRC cannot protect the information during transmission on the Internet and there is a possibility that someone could read your response while it is in transit.



PLAINTIFF'S
EXHIBIT
4-10

## RE: Re: LTR-NRC-13-52

From: Mendez, Sandra (Sandra.Mendez-Gonzalez@nrc.gov)

To: gkelly6213@yahoo.com

Cc: R2Allegations.Resource@nrc.gov

Date: Monday, June 24, 2019, 09:55 AM CDT

Mr. Kelly,

This is to acknowledge our receipt of the concerns you brought to our attention on June 13 and 20, 2019 regarding Farley Nuclear Plant. We have reviewed the information you provided and determined that it will be helpful to have additional information regarding your concerns. Please contact me, Sandra Mendez, Allegation Coordinator at the toll free telephone number 1-800-577-8510 extension 4707. Or provide us a date and time that is best for us to call you. We attempted to call you today (June 24, 2019) without success. You may also communicate with me by electronic mail, if you so choose. Should you prefer to communicate by email, please also respond to the following email address: R2Allegations@nrc.gov. The additional information is not required for the NRC to review your concern, but it will be helpful. If no additional information is received, we will proceed with our review based on available information.

Please be advised that we cannot protect the information during transmission on the Internet and there is the possibility that someone else could read your and our responses while it is transmission. Also, the NRC provides identity protection to individuals who report nuclear safety concerns and has provisions for granting confidentiality. The NRC brochure "Reporting Safety Concerns to the NRC" contains information that you may find helpful in understanding our process for review of safety concerns. It includes an important discussion of our identity protection procedures and limitations. The brochure can be found on the NRC public web site at the following link: http://pbadupws.nrc.gov/docs/ML1214/ML12146A003.pdf

Sincerely,

# Sandra L. Mendez-Gonzalez

**Allegation Coordinator – RII | ORA | Enforcement and Investigation Coordination Staff**

**U.S. Nuclear Regulatory Commission – RII**

**Marquis One Tower | 245 Peachtree Center Ave. NE |Suite 1200 | Atlanta, GA 30303**
**☎D: 404.997.4707 | 7F: 404.997.4903| ✉: slm4@nrc.gov | www.nrc.gov**

**************************************************************

Please be advised that the NRC cannot protect the information during transmission on the Internet and there is a possibility that someone could read your response while it is in transit.



**From:** Gregory Kelly <gkelly6213@yahoo.com>
**Sent:** Tuesday, June 18, 2019 3:48 PM
**To:** Mendez, Sandra <Sandra.Mendez-Gonzalez@nrc.gov>
**Subject:** [External_Sender] Re: LTR-NRC-13-52

I have received you email

*Please contract me at:*

*6213 Willow Glen Dr*

**Mr. Gregory Kelly**

Montgomery, AL 36117
Home (334) 593-9963;

Cell (334) 467-0846

Home Email

gkelly6213@yahoo.com

On Tuesday, June 18, 2019, 09:33:14 AM CDT, Mendez, Sandra <Sandra.Mendez-Gonzalez@nrc.gov> wrote:

The NRC was provided this e-mail address as a form of communication with you. To ensure this information is correct, please confirm by contacting us by telephone, responding to this e-mail, or other means (facsimile, etc.). Please be advised that we cannot protect the information during transmission on the Internet and there is the possibility that someone else could read our response while it is in transmission to you. If you do not confirm your desire to communicate via the Internet by contacting us by telephone or responding to this e-mail, we will not transmit any additional information to you via the Internet. We will attempt to communicate with you via any other forms of communication provided to the NRC.

## Sandra L. Mendez-Gonzalez

**Allegation Coordinator – RII | ORA | Enforcement and Investigation Coordination Staff**

**U.S. Nuclear Regulatory Commission – RII**

Marquis One Tower | 245 Peachtree Center Ave. NE |Suite 1200 | Atlanta, GA 30303
☎D: 404.997.4707 | 7F: 404.997.4903 | ✉: slm4@nrc.gov | www.nrc.gov

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please be advised that the NRC cannot protect the information during transmission on the Internet and there is a possibility that someone could read your response while it is in transit.

PLAINTIFF'S EXHIBIT
4-12

2/3



**U.S. Department of
Transportation**

Office of Inspector General
Washington, D.C.  20590

Office of the Secretary
of Transportation

April 17, 2014

Gregory Kelly
6213 Willow Glen Drive
Montgomery, Alabama 36117

*Re: Gate City Birmingham Apartment Building*

Dear Mr. Kelly:

This letter is in response to your April 5, 2014, "Whistleblower Protection" request letter, to the U.S. Department of Transportation (DOT), Office of Inspector General (OIG). In your letter, you reported concerns related to "GOP State Officials employed OJT engineering and "dumb-downed" technical standards when addressing safety and health threats in minority communities."

Based on our review of the material provided we have determined that we do not have primary oversight over your concerns and the appropriate venue may lie with the U.S. Department of Transportation Pipeline and Hazardous Materials Safety Administration (PHMSA). You may contact the PHMSA Pipeline Safety Office located in Washington, DC, via email at phmsa.pipelinesafety@dot.gov or via telephone at 202-366-4595 for further assistance.

We anticipate no further action from our office regarding this matter and thank you for bringing this information to our attention.

Sincerely,

Scott Harding
Chief, Complaint Center Operations

PLAINTIFF'S
EXHIBIT
4-13

Westinghouse Non-Proprietary Class 3

 **Westinghouse**

Westinghouse Electric Company
Engineering, Equipment and Major Projects
1000 Westinghouse Drive
Cranberry Township, Pennsylvania 16066

U.S. Nuclear Regulatory Commission
Document Control Desk
11555 Rockville Pike
Rockville, MD 20852

Direct tel:  (412) 374-4643
Direct fax:  (412) 374-3846
e-mail:  greshaja@westinghouse.com

LTR-NRC-13-52

July 26, 2013

**Subject:  Notification of the Potential Existence of Defects Pursuant to 10 CFR Part 21**

The following information is provided pursuant to the requirements of 10CFR Part 21 to report a defect. The defect being reported concerns an identified inconsistency between the intended design functionality of the **SHIELD®**[1] passive thermal shutdown seal (SDS) and that observed during post-service testing. The purpose of the SDS is to reduce current reactor coolant system inventory losses to very small leakage rates for a plant event that results in the loss of all reactor coolant pump (RCP) seal cooling. The SDS is a thermally actuated, passive device integral to the RCP Number 1 seal insert and is positioned between the Number 1 seal and the Number 1 seal leak-off line to provide a near leak-tight seal once activated.

(i)    **Name and address of the individual or individuals informing the Commission.**

James A. Gresham
Westinghouse Electric Company
Engineering, Equipment and Major Projects
1000 Westinghouse Drive, Suite 310
Cranberry Township, Pennsylvania 16066

(ii)    **Identification of the facility, the activity, or the basic component supplied for such facility or such activity within the United States which fails to comply or contains a defect.**

There are two delivered basic components associated with this report: 1) the SDS hardware, and 2) the Probability Risk Assessment (PRA) SDS model and the assigned SDS reliability. The hardware basic component is the **SHIELD** passive thermal shutdown seal. The associated PRA SDS model and assigned reliability basic component is WCAP-17100-P-A, Rev. 1, "PRA Model for the Westinghouse Shut Down Seal," (dated August 2011) and Supplement 1, Rev. 0, "PRA Model for the Westinghouse Shutdown Seal Supplemental Information for All Domestic Reactor Coolant Pump Models" (dated December 2012).



PLAINTIFF'S
EXHIBIT
4-14

[1] **SHIELD** is a registered trademark of Westinghouse Electric Company LLC in the United States and may be registered in other countries throughout the world. All rights reserved. Unauthorized use is strictly prohibited.

JE19
NRC

LTR-NRC-13-52
Page 2 of 5

The WCAP and its Supplement 1 have been delivered to the Pressurized Water Reactor Owners Group (PWROG) participants supporting the program. The SDS has only been delivered to and installed in the following plants:

- Beaver Valley Unit 2
- Callaway
- D.C. Cook Unit 1
- Farley Units 1 & 2
- Wolf Creek

As explained in Sections (iv) and (vi) below, the delivered defect potential exists only for licensees that are participants of WCAP-17100 or its Supplement 1 and have installed the SDS. As clarified in Section (iv), an installed SDS does not itself represent a delivered defect. Credit taken by the licensee for the installed SDS, through implementing the methodology outlined in the WCAP and its Supplement 1, for example, could potentially constitute a delivered defect. Westinghouse is unaware of an immediate safety concern with respect to this issue (see Section (viii)), but cannot disprove the possibility that a licensee could potentially take credit for the SDS in a way that could adversely impact plant safety.

(iii) **Identification of the firm constructing the facility or supplying the basic component which fails to comply or contains a defect.**

> Westinghouse Electric Company
> Engineering, Equipment and Major Projects
> 1000 Westinghouse Drive
> Cranberry Township, Pennsylvania 16066

(iv) **Nature of the defect or failure to comply and the safety hazard which is created or could be created by such defect or failure to comply.**

SDS Hardware Considerations

Westinghouse has concluded that the SDS hardware itself will not adversely impact safe plant operation. Three conditions were considered:

1. Normal Operation, SDS Not Deployed
2. Normal Operation, SDS Inadvertently Deployed
3. Loss of Seal Cooling, SDS Not Deployed When Called On

During normal operation, when not deployed (i.e., actuated), the SDS does not change normal operating parameters and does not change RCP seal operability. In this state, RCP seal cooling is maintained and the plant operates as it had prior to SDS installation.

During normal operation, the SDS inadvertently deploys on a rotating RCP shaft (which is a low probability event). The SDS is not designed to actuate on a RCP shaft rotating at full speed; it is designed to deploy on a stationary or near stationary RCP shaft. If the SDS deploys on a rotating shaft, the rotating shaft will damage the SDS polymer seal ring and render it ineffective. This will return the plant back to a condition as though the SDS was


PLAINTIFF'S
EXHIBIT
4-15

As noted in Section (ii), the WCAP and its Supplement 1 have been delivered to multiple Pressurized Water Reactor Owners Group (PWROG) participants as identified therein. Currently, the SDS has been delivered to and installed in reactor coolant pumps at the following plants:

- Beaver Valley Unit 2
- Callaway
- D.C. Cook Unit 1
- Farley Units 1 & 2
- Wolf Creek

(vii) **The corrective action which has been, is being, or will be taken; the name of the individual or organization responsible for the action; and the length of time that has been or will be taken to complete the action.**

Westinghouse has completed a root cause analysis (RCA) and an independent third party review of this RCA is expected to be completed by August 2013. In parallel, SDS design improvements are being considered and may be completed during the third quarter of 2013. Additionally, and if necessary, Westinghouse will revise WCAP-17100 and its Supplements, as needed, to reflect any new information that is developed.

(viii) **Any advice related to the defect or failure to comply about the facility, activity, or basic component that has been, is being, or will be given to purchasers or licensees.**

Affected customers have been informed via their respective Customer Project Managers of the post-service test failure. A Westinghouse Nuclear Safety Advisory Letter (NSAL) will be issued to affected licensees within the next week. Westinghouse anticipates recommending that plants review any credit taken for the PRA improvements obtained based on SDS installation. For example, plants that are planning to implement FLEX strategies in response to NRC Order EA-12-049 are likely to take credit for the SDS, once installed. However, the implementation of these plant changes will occur in the future and, therefore, Westinghouse does not consider there to be an associated safety concern at this time. Additionally, Westinghouse anticipates there may be License Amendment Requests (LARs) underway for the transition of licensee fire protection programs from 10 CFR 50, Appendix R, to NFPA-805. Such LARs also are likely to credit the Westinghouse SDS as integral to the strategies, equipment, procedures, and staffing for fire-related events. However, Westinghouse does not consider there to be a safety concern associated with these LAR submittals at this time, as impacted licensees can take actions to determine if a reliable SDS can be installed in a timely manner in order to meet their commitment deadlines.



PLAINTIFF'S
EXHIBIT
4 — 16

never present. Westinghouse determined that the polymer seal ring fragments resulting from actuation on a rotating RCP shaft will not adversely impact plant operation.

During a loss of seal cooling event, if the SDS does not deploy as intended, the plant is in the same condition it was before the SDS was installed. That is, the seal flow path remains unobstructed. Such a failure to deploy is the identified inconsistency between the intended design functionality of the SDS and that observed during post-service testing. In such a situation, the maximum potential seal leakoff flow would be the same as it was prior to the SDS installation.

<u>Risk-Informed and Deterministic Credit Considerations</u>

The failure of the SDS to actuate may adversely impact PRA and deterministic models described in WCAP-17100 and its Supplement 1. The implementation of the analytical models in this WCAP may have a potential downstream impact on other systems where use of risk-informed credit based on the presence of the SDS has been applied. Specifically, the WCAP and its Supplement 1 provide PRA and deterministic models for SDS behavior for a loss of all RCP seal cooling event. Implementation of the WCAP modeling methodology by a licensee would likely result in an improvement in calculated core damage frequency (CDF) and large early release frequency (LERF) values in the plant-specific PRA model. Such improvements could then be used as justification to implement changes to regulatory programs and risk informed applications. Examples include risk-informed changes to the surveillance frequencies and completion times listed in a plant's Technical Specifications. Additionally, the CDF and LERF values are used to identify risk levels of various plant configurations during daily repair, maintenance, and testing of components.

In addition to these risk-informed regulatory applications, there are two specific regulatory applications for which licensees may have made commitments for future installation of the SDS. Specifically, license amendment requests for transition to NFPA-805 and submittals describing diverse mitigation strategies in respsone to NRC Order EA-12-049.

Westinghouse has concluded there is a possibility that a licensee could take credit for the SDS and adversely impact plant safety.

(v)    **The date on which the information of such defect or failure to comply was obtained.**

The Westinghouse president was informed of this defect on July 24, 2013.

(vi)   **In the case of a basic component which contains a defect or fails to comply, the number and location of these components in use at, supplied for, being supplied for, or may be supplied for, manufactured, or being manufactured for one or more facilities or activities subject to the regulations in this part.**



PLAINTIFF'S EXHIBIT
4-17

(ix)    **In the case of an early site permit, the entities to whom an early site permit was transferred.**

N/A


Very truly yours,

James A. Gresham, Secretary
Westinghouse Safety Review Committee

cc:    E. Lenning (NRC MS O-11-F1)



PLAINTIFF'S
EXHIBIT
4-18



## OFFICE OF
## INSPECTOR GENERAL
U.S. DEPARTMENT OF THE INTERIOR

MAR 1 4 2014

Mr. Gregory Kelly
6213 Willow Glen Dr.
Montgomery, AL 36117

Dear Mr. Kelly:

The Office of Inspector General received your complaint concerning various fraudulent civil and criminal violations in the Middle District of Alabama. Our office is charged with addressing allegations of fraud, waste, and mismanagement in the U.S. Department of the Interior (DOI) and its programs. However, allegations are sometimes referred to the responsible DOI bureau or other non DOI governmental offices for review and appropriate action.

Senior management officials for the Office of Investigations have determined that your complaint would be better addressed by the Federal Bureau of Investigation; therefore, we will not initiate an investigation but will refer it for review and any action deemed appropriate. We appreciate you communicating this matter to us. Your commitment in helping the DOI improve the effectiveness of its programs and operations benefits not only the Department but also the public we serve.

Sincerely,

ASAC, IOD

Peter Y. Kim
Special Agent in Charge
Investigative Operations Division

**PLAINTIFF'S EXHIBIT**
4-19



INSPECTOR GENERAL
DEPARTMENT OF DEFENSE
4800 MARK CENTER DRIVE
ALEXANDRIA, VIRGINIA 22350-1500

September 17, 2018

Dear Mr. Kelly,

Thank you for contacting the DoD Office of Inspector General Office of EEO (DoD OIG EEO). This office received your inquiry regarding your potential EEO issue on September 13, 2018. Unfortunately, the DoD OIG EEO only services OIG employees, former employees of DoD OIG or applicants for employment within DoD OIG who believe they have been discriminated against because of race, color, religion, sex, national origin, age, physical or mental disability, genetic information, and/or reprisal in an employment matter.

Based on the information submitted in your inquiry, it has been determined that you are not an aggrieved OIG employee, former employee, or applicant for employment with OIG; however, pursuant to 29 CFR § 1614.102 (1) and Executive Order 11478, each Federal agency is required to establish and maintain an equal employment opportunity program for all civilian employees and applicants for employment, within its jurisdiction. Individuals who feel they are aggrieved should contact their local servicing EEO office to initiate inquiries or complaint activity.

Unfortunately, according to the information you have provided our office cannot assist you. Please contact your local EEOC or EEO office.

Regards,

Charlie Battle
Office of Inspector General, Office of EEO
703-604-9710



PLAINTIFF'S
EXHIBIT
4-20

FOR OFFICIAL USE ONLY



**INSPECTOR GENERAL**
DEPARTMENT OF DEFENSE
4800 MARK CENTER DRIVE
ALEXANDRIA, VIRGINIA  22350-1500

October 23, 2018

Mr. Gregory Kelly
6213 Willow Green Drive
Montgomery, AL 36117

Dear Mr. Kelly,

Thank you for contacting the DoD Office of Inspector General Office of EEO (DoD OIG EEO).  This office received your inquiry regarding your potential EEO issue on 10/19/18. Unfortunately, the DoD OIG EEO only services OIG employees, former employees of DoD OIG or applicants for employment within DoD OIG who believe they have been discriminated against because of race, color, religion, sex, national origin, age, physical or mental disability, genetic information, and/or reprisal in an employment matter.

Based on the information submitted in your inquiry, it has been determined that you are not an aggrieved OIG employee, former employee, or applicant for employment with OIG; however, pursuant to 29 CFR § 1614.102 (1) and Executive Order 11478, each Federal agency is required to establish and maintain an equal employment opportunity program for all civilian employees and applicants for employment, within its jurisdiction.  Individuals who feel they are aggrieved should contact their local servicing EEO office to initiate inquiries or complaint activity.

According to the information you provided, the EEOC Office should be able to assist you in determining your appropriate servicing office.  You can reach that office at 202-419-0713 to further address your concerns.

Thank you.

Regards,

Charlie L. Battle
Complaints Manager
Office of Inspector General, Office of EEO

**PLAINTIFF'S EXHIBIT**
4-21

# Process for Submitting Additional Information to the Hotline

Date 4-2-2015

***DO NOT REPLY TO THIS EMAIL-THIS EMAIL BOX IS NOT MONITORED***

The Hotline Investigator has determined that additional information is required to clarify the matters raised in your Hotline complaint. Please use the following link and password to submit the requested data. This link and password may only be used once and if not used, will expire in 30 days. Once you are finished, please use the "submit" button to transmit the information.

*Mr. Kelly - The DODIG hotline as received your mailed ARRA reprisal form that you mailed to multiple agencies. When matters are submitted to the Hotline*, every effort is made to protect the identities or confidentiality of complainants. Because of the type of complaint you submitted, we cannot forward it to the appropriate authority for action deemed appropriate without releasing your identifying data.

Please complete and return the attached form within 15 days of receipt of this letter and advise if you consent to the disclosure of your identity outside the DoD Hotline on a need-to-know basis. If you elect not to grant consent to release, further action by the Hotline may not be possible and the matter could be closed without further action. You may submit the information via fax to (703) 604-8567/DSN 664-8567, through the link provided in this message, or U.S. mail to the Defense Hotline, The Pentagon, Washington, DC 20301-1900. In your reply, please ensure you reference Hotline complaint number 20150402-030649.

We appreciate your interest in bringing these concerns to our attention. We will take no further action on this matter until we receive the requested information.

**Hotline Supplemental Form** : Click Here
**Hotline Supplemental Form Password:** Z3xHatL9

Sincerely,

The Department of Defense Hotline

This e-mail is from the Office of the Inspector General, Department of Defense, and may contain information that is "Law Enforcement Sensitive" {LES} or "For Official Use Only" {FOUO} or otherwise subject to the Privacy Act and/or legal and or other privileges that restrict release without appropriate legal authority.


PLAINTIFF'S EXHIBIT 4-22

**DoDIG HL 20150402-030649**

Date 4-2-2015

*****IMPORTANT INFORMATION REGARDING YOUR COMPLAINT*****

Dear Sir/Madam.

The Department of Defense (DoD) Hotline received your complaint.

What to expect depending on the nature of your complaint:

NEW COMPLAINT: Your complaint has been assigned to a Hotline investigator for review. If it's appropriate for another agency to investigate your complaint, it will be forwarded to the appropriate agency. You will be contacted only if additional information is needed. Once a case is opened, we will not discuss its progress, and we will not respond to status requests. You will be notified when your complaint is closed. At that time you will be provided instructions on how to submit a records request through the Freedom of Information Act (FOIA).

. DISCRIMINATION COMPLAINTS: Equal Employment Opportunity (Civilian) and Equal Opportunity (Military) complaints cannot be processed by the DoD Hotline. Failure to file a complaint with your appropriate agency's EEO or EO office within the timeframes specified in EEO guidelines may forfeit your rights under the EEO Act and Title VII. Your local EEO or EO office, as well as the Equal Employment Opportunity Commission (EEOC) at http://www.eeoc.gov/ and the DoD Office of Diversity Management and Equal
Opportunity (ODMEO) at http://diversity.defense.gov/ can provide further information and guidance.

. ADDITIONAL INFORMATION: If you submitted additional information or consent to release your identity for investigating your complaint, the Hotline staff will process this information upon receipt.

Information concerning types of complaints the DoD accepts for review can be found at www.dodig.mil/hotline.You may have just made a "protected communication" under Whistleblower Protection Laws. If you suffer retaliation for filing this complaint you may file a Reprisal complaint. To learn more please refer to the Department of Defense Whistleblower Program website atwww.dodig.mil/programs/whistleblower .

Sincerely,

DoD Hotline



PLAINTIFF'S
EXHIBIT
4-23

# Department of Defense hotline Complaint number 20150330-030589

**DO NOT REPLY TO THIS EMAIL. THIS EMAIL BOX IS NOT MONITORED.**

**\*\*IMPORTANT INFORMATION REGARDING YOUR COMPLAINT\*\***

Date 3-30-2015

Dear Mr. Gregory Kelly;

This is a response to your correspondence to the Department of Defense, Office of the Inspector General, Hotline (DoDIG).

Upon review of your correspondence, we determined that we do not have sufficient information regarding your concerns, and we request that you provide the additional information, with as specific details as possible regarding the incidents and the persons involved. Please review the information provided on our web site: www.dodig/mil and provide your complaint in the appropriate format. If you believe this is a Reprisal issue, please ensure you utilize the Reprisal complaint format at www.dodig.mil/programs/whistleblower. Please ensure you provide the information requested.

• **DISCRIMINATION COMPLAINTS**: Equal Employment Opportunity (Civilian) and Equal Opportunity (Military) complaints cannot be processed by the DoD Hotline. Failure to file a complaint with your appropriate agency's EEO or EO office within the timeframes specified in EEO guidelines may forfeit your rights under the EEO Act and Title VII. Your local EEO or EO office, as well as the Equal Employment Opportunity Commission (EEOC) at http://www.eeoc.gov/ and the DoD Office of Diversity Management and Equal Opportunity (ODMEO) at http://diversity.defense.gov/ can provide further information and guidance.

Further, when matters are submitted to the Hotline, every effort is made to protect the identities or confidentiality of the complainants. Because of the type of complaint you submitted, we may not be able to forward it to the appropriate authority for action deemed appropriate without releasing your identifying data to the investigators. When responding to this email, please let us know whether or not you are willing to Consent and waive your right to confidentiality in this matter. If you elect not to waive your right to confidentiality, further action may not be possible. We appreciate your efforts with regard to bringing potentially problematic issues within the Department of Defense to our attention. We will take no further action on this matter until we receive this additional information and response from you. In your reply, please refer to **Complaint number 20150330-030589**.

Sincerely,

Department of Defense Hotline

This e-mail is from the Office of the Inspector General, Department of Defense, and may contain information that is "Law Enforcement Sensitive" {LES} or "For Official Use Only" {FOUO} or otherwise subject to the Privacy Act and/or legal and or other privileges that restrict release without appropriate legal authority.

PLAINTIFF'S EXHIBIT
4-24

3